## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MADISON, INC.,

        *Plaintiff,*

  vs.

WESTERN PLAINS REGIONAL
HOSPITAL, LLC; AND SANDERLING
HEALTHCARE, LLC,

        *Defendants.*

Case No. 17-1121-EFM-GLR

### MEMORANDUM AND ORDER

Plaintiff Madison, Inc., ("Madison") filed an action for enforcement and foreclosure of Madison's mechanic's lien against Defendant Western Plains Regional Hospital, LLC, ("Western Plains"), and filed a claim against Defendant Sanderling Healthcare, LLC, ("Sanderling") for breach of contract, quantum meruit, and statutory interest and attorneys' fees based on a dispute stemming from a construction project. Madison alleges that Western Plains owes $278,212.28 plus interest pursuant to a mechanic's lien valid under K.S.A. § 60-1102. Western Plains moved to dismiss Madison's claim for enforcement and foreclosure of the mechanic's lien, and Sanderling filed counterclaims of breach of contract, breach of implied warranty, breach of express warranty, negligence, fraudulent or negligent misrepresentation, an action to adjudicate the mechanic's lien

as void, and an action for attorneys' fees pursuant to K.S.A. § 16-1806.  Madison then moved to dismiss those claims.

For reasons explained below, the Court grants Western Plains's Motion to Dismiss (Doc. 5) and dismisses Madison's claim for enforcement and foreclosure of the mechanic's lien against Western Plains. Sanderling did not challenge Madison's claims for breach of contract, quantum meruit, or statutory interest and attorneys' fees against Sanderling, so these claims remain.  The Court grants Madison's Motion to Dismiss (Doc. 11) Sanderling's claims of breach of express warranty and fraudulent misrepresentation, but denies Madison's Motion to Dismiss Sanderling's claims for breach of contract, breach of implied warranty, negligence, negligent misrepresentation, and attorneys' fees.

## I.    Factual and Procedural Background[1]

Western Plains owns a medical complex in Dodge City, Kansas. Western Plains and Sanderling entered into a contract in which Sanderling (as general contractor) would make improvements on the medical complex.  Sanderling entered into a subcontract agreement with Madison whereby Madison would provide improvements to the medical complex in the form of labor, materials, equipment, etc.  Madison alleges that the last of its services to Sanderling was completed on August 3, 2016, and that Sanderling has an unpaid balance to Madison of $278,212.28.  On October 18, 2016, Madison filed a Contractor's Lien on the medical complex in Ford County District Court pursuant to K.S.A. § 60-1103.  On May 1, 2017, Madison filed suit in Ford County District Court for enforcement and foreclosure of its lien against Western Plains and

---

[1] The facts are taken from Plaintiffs' Complaint (Doc. 1-1) and are accepted as true for the purposes of this order.

against Sanderling for breach of contract, quantum meruit, and statutory interest and attorneys' fees.

Madison alleges that despite having satisfactorily performed all services required by the contract, Sanderling has failed to pay the amount required by the contract, and that Sanderling has been unjustly enriched by accepting Madison's services without paying the fair price for those services. On May 18, 2017, Madison filed a motion to amend its mechanic's lien to add additional itemization left out of the initial lien and on May 30, 2017, Sanderling removed the case to the U.S. District Court for the District of Kansas.

On June 2, 2017, Western Plains moved to dismiss Madison's claim for enforcement of the mechanic's lien and on June 8, 2017, Sanderling filed counterclaims against Madison for breach of contract, breach of implied warranty, breach of express warranty, negligence, fraudulent or negligent misrepresentation, an action to adjudicate the mechanic's lien as invalid, unsubstantiated, and void, and an action for attorneys' fees pursuant to K.S.A. § 16-1806. Sanderling alleges that Madison breached its contract with Sanderling because Madison failed to complete its scope of work, failed to perform a "significant portion of that work in a good and workmanlike manner," breached its duty of good faith and fair dealing, breached its express warranty as to parts and labor, and was negligent in its failure to perform, failure to correct defects, and failure to use ordinary care. On July 13, 2017, Madison moved to dismiss Sanderling's counterclaims.

## II.      Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss a claim for which a plaintiff "fails to state a claim upon which relief can be granted."[2]  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.' "[3]  A claim is facially plausible if the court can reasonably infer the defendant is liable from the facts pleaded.[4]  The plausibility standard reflects the Rule 8 requirement that pleadings must provide defendants with fair notice of the claims, as well as the grounds upon which the claims rest.[5]  The Court accepts all factual allegations in the complaint as true and views them in a light most favorable to the plaintiff.[6]  The Court, however, does not apply the same standard to conclusory allegations or legal conclusions.[7]

## III.      Analysis

### A.      Western Plain's Motion to Dismiss Madison's Claim for Enforcement and Foreclosure of Madison's Mechanic's Lien

On October 18, 2016, Madison filed a contractor's lien in Ford County District Court alleging that it was owed $278,212.28 for labor and materials provided to Sanderling in connection with real property owned by Western Plains.  The attachment to the lien itemized only $6,574.69 in labor and materials of the total amount due.  On May 1, 2017, Madison moved for enforcement and foreclosure of its lien against Western Plains.  Western Plains moves to dismiss Madison's

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1246–47 (10th Cir. 2008).

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7] *Iqbal*, 556 U.S. at 678–79.

claim for enforcement and foreclosure of its mechanic's lien arguing that the lien is vitally

defective and that the time to amend the defective lien has passed.

To establish a valid lien under K.S.A. § 60-1102, a person must file:

> [W]ith the clerk of the district court of the county in which property is located,
> within four months after the date material, equipment or supplies, used or consumed
> was last furnished or last labor performed under the contract a verified statement
> showing:
> (1) The name of the owner,
> (2) the name and address sufficient for service of process of the claimant,
> (3) a description of the real property,
> (4) a reasonably itemized statement and the amount of the claim, but if the amount
> of the claim is evidenced by a written instrument, or if a promissory note has been
> given for the same, a copy thereof may be attached to the claim in lieu of the
> itemized statement.[8]

K.S.A. § 60-1103 provides that subcontractors may file a lien statement in the same manner as the

original contractor except that "the lien statement must state the name of the contractor and be

filed within three months after the date supplies, material or equipment was last furnished or labor

performed by the claimant."[9]

Western Plains argues that Madison's lien was defective because it did not provide a

"reasonably itemized statement" in itemizing only $6,574.69 of the $278,212.28 claimed.  The

Kansas Court of Appeals has held that:

> Reasonable would seem to require a well-balanced statement, one that is not
> extreme, *i.e.*, one that is neither excessive nor insufficient in detail; a statement that
> is fair and sufficient to inform the landowner of the claim and to enable the
> landowner to ascertain whether the work was completed and whether the charge
> therefor is fair.[10]

---

[8] K.S.A. § 60-1102(a).

[9] K.S.A. § 60-1103(a)(1).

[10] *Kopp's Rug Co. v. Talbot*, 5 Kan. App. 2d 565, 620 P.2d 1167, 1172 (1980).

Additionally, the Kansas Supreme Court has held that a "lien statement's validity must be ascertained from its four corners."[11]  Because only a small portion of the total amount claimed was itemized, it could not be said that Western Plains, looking only to the document, could properly "determine whether the work was performed or the material furnished and whether the amount claimed is reasonable."[12]

Although the lien was not reasonably itemized, K.S.A. § 60-1105 allows amendments of mechanic's liens "in furtherance of justice, except to increase the amount claimed."[13]  The Kansas Supreme Court held, however, that the statute does not permit "amendment of a vitally defective lien statement after the statutory period in which to file such lien has expired" and that allowing for amendment after the statutory period would have "the effect of creating a lien where none previously existed" and "defeat the operation of 60-1102 and 60-1103."[14]  K.S.A. § 60-1103 requires a subcontractor's lien to be filed "within three months after the date supplies, material or equipment was last furnished or labor performed by the claimant."[15]  Because Madison completed its work on August 3, 2016, and did not file its motion to amend the lien until May 18, 2017, if the lien is vitally defective, Madison will be unable to amend it.

Madison argues that the failure to itemize reasonably did not make the lien vitally defective and that it may amend the lien to correct the deficiency.  However, "[s]ince the mechanic's lien is purely a statutory creation, only strict compliance with the provisions in the statute will give rise

---

[11] *Trane Co. v. Bakkalapulo*, 234 Kan. 348, 672 P.2d 586, 589 (1983).

[12] *Id.* at 1173.

[13] K.S.A. § 60-1105(b).

[14] *D. J. Fair Lumber Co. v. Karlin*, 199 Kan. 366, 430 P.2d 222, 227 (1967).

[15] K.S.A. § 60-1103(a)(1).

to an enforceable lien."[16]  Failing to properly itemize over ninety-seven percent of a claim is not

"strict compliance" with the reasonable itemization provision of § 60-1102.  Additionally, the

Kansas Supreme Court has long-held that the statute does not allow for creation of a lien where

there is failure to provide an adequately itemized statement and that  "substantial compliance with

this provision has always been regarded as essential . . . for the protection of owners, purchasers,

and other lien creditors." [17]  If a lien is not created where a contractor fails to provide adequate

detail in the itemization of its claim, it follows that failure to itemize the vast majority of a claim

would also not allow for the creation of a lien.[18]

Although Madison draws to the Court's attention a Kansas Supreme Court decision that

permitted amendment of a mechanic's lien and cited eight cases allowing liens to be amended,

those cases and are distinguishable from the case at hand. [19]  The cases cited include amendments

to correct the name of an owner of real property,[20] correct the improper use of the term

subcontractor,[21] correct a statement of applicable laws from Oklahoma to Kansas,[22] and correct

---

[16] *Huber Co. v. Desouza*, 32 Kan. App. 2d 614, 86 P.3d 1022, 1023, (1986).

[17] *Nixon v. Cydon Lodge No.5, Knights of Pythias*, 56 Kan. 298, 43 P. 236, 238 (1896).

[18] Although *Nixon* referenced an older, slightly different Kansas statute regarding the creation of a mechanic's lien, Kansas courts have applied similar analysis in analyzing § 1102.  *See Huber Co.*, 86 P.3d at 1023; *Kopp's*, 620 P.2d at 1172.

[19] *See Thomasson v. Kirkpatrick*, 174 Kan. 52, 254 P.2d 329, 333–34 (1953).

[20] *Cooke v. Luscombe*, 132 Kan. 147, 294 P. 849 (1931); *Hardman Lumber Co. v. Blanch*, 107 Kan. 459, 192 P. 742 (1920); *Badger Lumber Co. v. Collinson*, 97 Kan. 791, 156 P. 724 (1916); *Atkinson v. Woodmansee*, 68 Kan. 71, 74 P. 640 (1903).

[21] *Brown v. Walker*, 100 Kan. 542, 164 P. 1092 (1917).

[22] *Cont'l Supply Co. v. Bankers' Oil Co.*, 110 Kan. 468, 204 P. 692 (1922).

the description of the real property at issue.[23]  In each of those cases, unlike here, the lien at issue provided sufficient information to give the property owners notice of the claims.  Further, those cases all took place prior to the Kansas Supreme Court's holding that vitally defective liens cannot be amended after the statutory period.[24]  Because Kansas courts have repeatedly held that a lien cannot be formed without strict compliance to the requirements of § 60-1102 and because Madison did not meet the requirement of a "reasonably itemized" statement, the lien was vitally defective and therefore cannot be amended after the statutory period, which has passed.

Next, Madison argues that even if the entire $287,212.28 lien cannot remain, the $6,574.69 was reasonably itemized in the original filing of the lien and therefore should be enforceable. Neither party cited, nor was this Court able to find Kansas case law addressing whether an invalid lien may be saved in part by severing the invalid portion of the lien and allowing the otherwise valid portion of the lien to remain.[25]  Recently, however, the Kansas Court of Appeals stated:

> It is a settled rule in this state that equitable considerations do not ordinarily give rise to a mechanic's lien. Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. A lien claimant must secure a lien under the statute or not at all.[26]

Because Madison's lien was vitally defective as filed, it cannot be found to be partially valid.  Severing defective portions of liens would not give defendants proper notice of the claim

---

[23] *Gaudreau v. Smith*, 141 Kan. 123, 40 P.2d 365 (1935); *Hardman Lumber Co. v. Blanch*, 107 Kan. 459, 192 P. 742 (1920).

[24] *D. J. Fair Lumber Co. v. Karlin*, 430 P.2d 222, 227 (1967) (holding that K.S.A. § 60-1105 does not permit amendment of a vitally defective lien statement after the statutory period in which to file such lien has expired).

[25] The Kansas Supreme Court has held that because mechanic's liens are statutory in nature and not uniform across the states, "citations from other jurisdictions [are] of but little value." *Gaudreau v. Smith*, 141 Kan. 123, 40 P.2d 365, 367 (1935).

[26] *Buchanan v. Overley*, 39 Kan. App. 2d 171, 178 P.3d 53, 57 (2008) (quoting *Ekstrom United Supply Co. v. Ash Grove Lime & Portland Cement Co.*, 194 Kan. 634, 400 P.2d 707, 709 (1965)).

-8-

against them and would circumvent the strict requirements of the statute by creating liens without statutory compliance.  For these reasons, Western Plains's Motion to Dismiss the claim for enforcement and foreclosure of the lien is granted.[27]

**B.     Madison's Motion to Dismiss Sanderling's Breach of Contract Claim**

Madison first moves to dismiss Sanderling's claim for breach of contract. In Kansas, the elements of a breach of contract claim are: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach."[28]  Madison does not dispute the existence of the contract, the sufficiency of the consideration for the contract, or that Sanderling was willing to perform in compliance with the contract.  Madison argues only that Sanderling did not properly assert specific factual allegations to support its claims that Madison breached the contract or adequately allege specific damages caused by Madison.

In its Answer, Sanderling alleges that Madison "failed to perform a significant portion of [its] work in a good and workmanlike manner," including:

A.  failing to follow its own custom-designed structural plans;
B.  failing to follow the Project's architectural plans;
C.  failing to weld the structural steel C-Channels on the underside of the steel floor building frames to the steel weld plates that were embedded in the foundation walls and piers, both along the foundation walls, and to each and every reinforced concrete pier underneath the building;

---

[27] In its Answer, Sanderling stated a claim to "adjudicate Madison's lien as invalid, unsubstantiated, and void," which Madison moved to dismiss. Because the claim to enforce the lien has been dismissed, this Court will not address this claim.

[28] *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1098 (2013).

     D.  failing to physically join the various structural members underneath the building to each other; and

     E.  failing to put proper bracing over the header of each of the interior doors.

Sanderling also alleges that Madison failed to complete the work in accordance with the subcontract and failed to perform warranty work required by the subcontract. Sanderling further alleges that these failures caused Sanderling damages, including costs to complete and repair the defective and incomplete work, lost profits, and lost business income. Accepting these allegations as true, the Court finds that Sanderling stated a claim for relief that is plausible on its face and that adequately gives Madison notice of its claims. For these reasons, Madison's Motion to Dismiss Sanderling's breach of contract claim is denied.

**C.**    **Madison's Motion to Dismiss Sanderling's Breach of Implied Warranty Claim**

Madison next moves to dismiss Sanderling's breach of implied warranty claim for failure to provide specific factual allegations. Kansas courts have routinely held that "a contract to do work or perform a service includes an implied warranty that the work will be done in a workmanlike manner, using appropriate care and skill, unless there is an express agreement that no such warranty may be implied."[29] As previously noted, Sanderling alleged that Madison failed to complete its work in a workmanlike manner due to failure to follow contracted plans, properly weld and join structural elements, and put proper bracing over the headers of the interior doors. Taking these allegations as true, Sanderling has stated a claim for relief that is sufficiently detailed and that gives Madison fair notice of its claims. For these reasons, Madison's Motion to Dismiss Sanderling's breach of implied warranty claim is denied.

---

[29] *David v. Hett*, 293 Kan. 679, 270 P.3d 1102, 1112 (2011) (citing *Crabb v. Swindler*, 184 Kan. 501, 337 P.2d 986, 989 (1959)).

**D.     Madison's Motion to Dismiss Sanderling's Breach of Express Warranty Claim**

Next, Madison moves to dismiss Sanderling's claim for breach of express warranty.

K.S.A. § 84-2-313 states:

> (1)  Express warranties by the seller are created as follows:
>     (a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>     (b)  Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>     (c)  Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.[30]

The Kansas Supreme Court has held that in breach of express warranty claims, "the burden of proof resting upon the plaintiff entails merely demonstration that the goods did not have the properties warranted."[31]  Although Sanderling's counterclaim previously alleged that Madison failed to perform in a good and workmanlike manner and provided specific factual claims for its assertion, Sanderling's claim for breach of express warranty does not allege any specific failure of the goods provided by Madison.  Sanderling alleges only that Madison expressly warranted its parts and labor and that the parts and labor did not meet the conditions of that warranty.  Because the Court cannot accept "[t]hreadbare recitals of elements of a cause of action,"[32]  Madison's Motion to Dismiss Sanderling's claim for breach of express warranty is granted.

---

[30] K.S.A. § 84-2-313.

[31] *Huebert v. Fed. Pac. Elec. Co.*, 208 Kan. 720, 494 P.2d 1210, 1215 (1972) (quoting *Hansen v. Firestone Tire & Rubber Co.*, 276 F. 2d 254, 258 (6th Cir. 1960)).

[32] *Iqbal*, 556 U.S. at 678.

**E.      Madison's Motion to Dismiss Sanderling's Claim for Negligence**

Madison next argues that Sanderling's negligence claim should be dismissed because it is barred by the economic loss doctrine. The economic loss doctrine is a creation of modern product liability law "under which a tort action is prohibited if the only damages suffered are economic losses."[33]   In Kansas, the economic loss doctrine applies to claims for damage to products themselves and defective products purchased in consumer transactions.[34]   Although Kansas initially took an expansive approach to the doctrine, that approach "has slowed in recent years."[35] For example, the Kansas Court of Appeals initially held that the economic loss doctrine should be applied to claims against contractors in residential construction defect cases,[36] but the Kansas Supreme Court eventually overruled it in holding that the economic loss doctrine should not apply to homeowners' tort claims against contractors.[37]   The court noted, however, that a tort claim based on a contract must allege a violation of a "duty imposed by law, independent of the contract."[38]

In arguing that the economic loss doctrine should apply here, Madison first cites a product liability case.[39]   Not only did that case deal with a dispute that arose from a defective computer rather than a service contract dispute, but the Kansas Court of Appeals has more recently held that

---

[33] *David*, 270 P.3d at 1105 (quoting *Indemnity Ins. Co. v. Am. Aviation*, 891 So. 2d 532, 536 (Fla. 2004)).

[34] *Id.* at 1110.

[35] *Corvias Military Living, LLC v. Ventamatic, Ltd.*, 54 Kan. App. 2d 169, 397 P.3d 441, 446 (2017).

[36] *Prendiville v. Contemporary Homes, Inc.*, 32 Kan. App. 2d 435, 83 P.3d 1257, 1263 (2004), *overruled by David*, 270 P.3d at 1113.

[37] *David*, 270 P.3d at 1113. In its decision, the court noted that several jurisdictions have found that the economic loss doctrine is not well-suited for contracts to supply services. *Id.* at 1113–14.

[38] *Id.* at 1114.

[39] *Prof'l Lens Plan, Inc. v. Polaris Leasing Corp.*, 234 Kan. 742, 675 P.2d 887 (1984).

the rule, which bars recovery of damages for economic loss, is "generally seen as an attempt to demarcate a line between tangible physical property damage - which is not barred by the rule - as opposed to the intangible economic injuries of lost expectations or advantages normally associated with contract theories."[40]  Here, Sanderling does not allege "intangible economic injuries," but rather alleges damages in costs to complete and repair Madison's defective and incomplete work as a result of Madison's failure to complete its work in a good and workmanlike manner.

Madison also cites a recent District of Kansas case, *Dearborn*, in stating that the economic loss doctrine bars claims of negligence arising out of disputes over a commercial construction project, but *Dearborn*'s holding was not so broad.[41]  *Dearborn* involved a complex dispute regarding the design of a coal conveyor system.[42]  In holding that the economic loss doctrine barred a negligence claim, this Court noted that the negligence claim was "grounded purely on the failure to meet contract specifications and devoid of any claims of professional malpractice,"[43] unlike Sanderling's claim that Madison failed to complete its work in a workmanlike manner.  Although this Court was "persuaded that the economic loss doctrine would remain applicable" even if a "professional services claim was advanced in the case," [44] the facts of *Dearborn* are materially different from the case before the Court today.  This does not sufficiently persuade the Court that Sanderling's claims are barred by the economic loss doctrine.

---

[40] *Parr v. J.E. Marks Constr., Inc.,* 1997 Kan. App. Unpub. LEXIS 673, *16 (1997) (unpublished) (quoting *City of Wichita, Kan. v. U.S. Gypsum Co.*, 828 F. Supp. 851, 854 (D. Kan. 1993) (unpublished)).

[41] *Rand Constr. Co. v. Dearborn Mid-West Conveyor Co.*, 944 F. Supp. 2d 1042 (D. Kan. 2013).

[42] *Id.* at 1063.

[43] *Id.*

[44] *Id.*

Additionally, Kansas courts have routinely held that "where a person contracts to perform work or to render a service, without express warranty, the law will imply an undertaking or contract on his part to do the job in a workmanlike manner and to exercise reasonable care in doing the work."[45]  The Kansas Supreme Court also stated, where "the breach may be tortious in origin . . . [a]n action in tort may likewise be available to the contractee and he may proceed against the contractor either in tort or in contract; or he may proceed on both theories."[46]  For these reasons, Sanderling's negligence claim is not barred by the economic loss doctrine.

Finally, Madison argues that Sanderling failed to sufficiently plead its negligence claims. Under *Iqbal* and *Twombly*, a claim is facially plausible if the court can reasonably infer the defendant is liable from the facts pleaded.[47]  In Kansas, in order to state a claim for negligence, a plaintiff must show: "(1) the existence of a duty on the part of defendant to protect plaintiff from the injury; (2) failure of defendant to perform that duty; and (3) injury to plaintiff from such failure of defendant."[48]

Sanderling alleges that Madison entered into a contract with Sanderling to perform various construction services, that Madison had a duty to exercise ordinary care and to complete the project as reasonable and prudent contractor would have, and that Madison "failed to perform a significant portion of [its] work in a good and workmanlike manner," including failing to follow various structural and architectural plans.  Sanderling alleges that Madison's failure to complete its work

---

[45] *Gilley v. Farmer*, 207 Kan. 536, 485 P.2d 1284, 1289 (1971) (citing *Crabb*, 337 P.2d 986).

[46] *Id.* (citing *Nichols v. Nold*, 174 Kan. 613, 258 P.2d 317 (1953)).

[47] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[48] *Baska v. Scherzer*, 283 Kan. 750, 156 P.3d 617, 622 (2007) (citing *Murray v. Modoc State Bank*, 181 Kan. 642, 313 P.2d 304, 307 (1957)).

-14-

in a good and workmanlike manner has caused Sanderling damages in costs to repair the work. Accepting all of Sanderling's allegations as true, Sanderling has sufficiently alleged that Madison had a duty to Sanderling, failed to perform that duty, and thereby caused damages to Sanderling. Sanderling has therefore stated a claim that is plausible on its face and gives Madison fair notice of its claims. For this reason, Madison's Motion to Dismiss Sanderling's negligence claim is denied.

**F.    Madison's Motion to Dismiss Sanderling's Claim for Fraudulent Misrepresentation**

Madison next moves to dismiss Sanderling's fraudulent misrepresentation and negligent misrepresentation claims. Although Sanderling grouped these claims, this Court will address them separately. First, Madison argues that Sanderling's fraudulent misrepresentation claim failed to meet the specificity requirements of Rule 9. Rule 9 states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[49] Complaints alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[50] "In other words, the plaintiff must set out the 'who, what, where, and when' of the alleged fraud."[51]

Sanderling's counterclaim for fraud fails this test. Although Sanderling alleged that Madison made "representations that it was qualified, and had the experience necessary, to perform the referenced scope of work," Sanderling failed to identify who made the statement, when or

---

[49] Fed. R. Civ. P. 9(b).

[50] *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[51] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1150 (D. Kan. 2003).

where the statement was made, or provide more specific information about the content of the alleged misrepresentation. Sanderling argues that the standard under Rule 9 is "not quite as demanding as Madison implies," and that *Deere & Co. v. Zahm*[52] supports a more relaxed standard. *Deere & Co.* is not controlling and still requires "identification of the circumstances constituting fraud or mistake" and enough detail "to give adequate notice to an adverse party and enable him to prepare a responsive pleading,"[53] a standard that Sanderling failed to meet by listing only general allegations of false representations.

In Sanderling's Response in Opposition to Madison's Motion to Dismiss (Doc. 15), Sanderling requests leave to amend its counterclaim if the Court finds that it did not plead fraudulent misrepresentation with specificity. Because Sanderling did not separately file a motion to amend with the Court, Sanderling has not complied with D. Kan. Rule 15.1(a), which requires that a copy of the proposed amended pleading be filed with a motion to amend. Instead, Sanderling suggested what its proposed amendment would address in its response brief. Based on this briefing, even if Sanderling had complied with local rules, this Court would deny leave to amend the counterclaim because the proposed amendment is futile.

Although courts must "freely give leave when justice so requires,"[54] the Court need not give leave when amendment would be futile.[55] A proposed amendment is futile if the amended complaint would be subject to dismissal.[56] Sanderling's amendment would be futile because its

---

[52] 837 F. Supp. 346 (D. Kan. 1993).

[53] *Id.* at 349–50.

[54] Fed. R. Civ. P. 15(a)(2).

[55] *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[56] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

allegations again do not meet the standard set forth in Rule 9.  Sanderling alleges, "[a]t some point during Madison's performance of construction services in connection with the project, Madison purposely decided to ignore the structural and architectural plans."  Sanderling continues on to identify Madison's allegedly defective work before citing an email sent by Madison's president detailing the changes. Sanderling then asserts that "Madison *intentionally* failed to disclose these material deviations from the plans to Sanderling or Western Plains."

In Kansas, fraudulent misrepresentation requires "an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or with reckless disregard for the truth, upon which another party justifiably relies and acts to his or her detriment."[57]  Sanderling alleges only that Madison deviated from contractual plans and failed to disclose those deviations, thus causing harm to Sanderling. It does not adequately allege any untrue statements of fact by Madison. Although intent and other conditions of a person's mind may be alleged generally,[58] Sanderling does not reach this element for failure to identify the untrue statements of fact made by Madison.

Finally, Sanderling mentions in passing that Madison committed fraud by silence by intentionally failing to disclose that it had "purposely failed to perform substantial work required by the structural and architectural plans, thereby causing significant injury to Sanderling in the form of lost profits."  Because Sanderling has not properly requested leave to add this counterclaim, the Court will not address it.  For these reasons, Sanderling's claim of fraudulent misrepresentation is dismissed.

---

[57] *Alires v. McGehee*, 277 Kan. 398, 85 P.3d 1191, 1195 (2004).

[58] Fed. R. Civ. P. 15(a)(2).

**G.**     **Madison's Motion to Dismiss Sanderling's Claim for Negligent Misrepresentation**

Madison next argues that Sanderling's claim for negligent misrepresentation should be dismissed because Sanderling failed to identify any additional damages as a result of the alleged negligent misrepresentation, and that Sanderling's allegations under the negligent misrepresentation claim are "indistinguishable from Sanderling's claim for breach of contract." Kansas defines negligent misrepresentation as:

> One who, in the course of any transaction in which he or she has a pecuniary interest, supplies false information for the guidance of another person is liable for damages suffered by such other person caused by reasonable reliance upon the false information if: (1) the person supplying the false information failed to exercise reasonable care or competence in obtaining or communicating the false information; (2) the person who relies upon the information is the person for whose benefit and guidance the information is supplied; and (3) the damages are suffered in a transaction that the person supplying the information intends to influence.[59]

Sanderling alleges that Madison, who had a pecuniary interest in the contractual agreement, provided false information regarding its qualifications and experience, and either did so recklessly or "without reasonable care in determining the truthfulness of its representations."  Sanderling alleges that these misrepresentations caused harm to Sanderling through costs to complete and repair defective and incomplete work, making a plausible claim for negligent misrepresentation.[60]

Although Madison argues that Kansas law requires that Sanderling allege additional injuries arising from the negligent misrepresentation beyond those caused by the breach of

---

[59] *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1097–98 (2013).

[60] Sanderling also alleges that Madison made negligent misrepresentations in its statements that it would complete its work in accordance with the structural and architectural plans and that its charges would be fair and reasonable. These statements do not meet the requirements of negligent misrepresentation, however, because they do not allege misrepresentation of a present fact.  *Graphic Techs. v. Pitney Bowes Inc.*, 998 F. Supp. 1174, 1179 (D. Kan. 1998).

contract, it appears that this requirement only applies to claims of fraudulent misrepresentation.[61]
Madison's argument that Sanderling's claim for negligent misrepresentation must be wholly
different from its breach of contract claim also fails.  Under Kansas law, while parties are unable
to "base a tort claim upon a contractually created duty,"[62] parties "may be liable in tort for
breaching an independent duty towards another, even where the relationship creating such a duty
originates in the parties' contract."[63]  Further, Kansas courts have "recognized a tort cause of action
if an independent duty existed despite the existence of a parallel contractual duty."[64]

Finally, Madison argues that Sanderling's claim for negligent misrepresentation is barred
by the economic loss doctrine.  Sanderling responded stating that Madison waived its economic
loss doctrine argument by raising it in a footnote.  Subsequently, Madison conceded that the
Kansas Court of Appeals has rejected the argument that claims of negligent misrepresentation are
barred by the economic loss doctrine.  Because the Tenth Circuit has repeatedly held that
arguments "raised in a perfunctory manner, such as in a footnote, are waived,"[65] and the Kansas
Supreme Court has held that "the economic loss doctrine does not bar negligent misrepresentation

---

[61] *See Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007) (citing *Brown v. Chaffee*, 612 F.2d 497, 503 (10th Cir. 1979); Heller v. Martin, 14 Kan. App. 2d 48, 782 P.2d 1241, 1245 (1989)).

[62] *Graphic Techs.*, 998 F. Supp. at 1179 (citing *Isler v. Texas Oil & Gas Corp.*, 749 F.2d 22, 24 (10th Cir. 1984)).

[63] *Id.* (quoting *Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1202 (10th Cir. 1988)).

[64] *Id.* at 1180 (citing *Hess Oil*, 861 F.2d at 1201–02; *Nature's Share, Inc. v. Kutter Prods.*, Inc., 752 F. Supp. 371, 386 (D. Kan. 1990); *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 757 P.2d 304 (1988); *Fox v. Wilson*, 211 Kan. 563, 507 P.2d 252 (1973); *Atkinson v. Orkin Exterminating Co.*, 5 Kan. App. 2d 739, 625 P.2d 505 (1981)).

[65] *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002); *see also San Juan Citizens All. v. Stiles*, 654 F.3d 1038, 1056 (10th Cir. 2011).

claims,"[66] this argument also fails.  For these reasons, Madison's Motion to Dismiss Sanderling's negligent misrepresentation claim is denied.

## H.    Madison's Motion to Dismiss Sanderling's Claim for Attorneys' Fees pursuant to K.S.A. § 16-1806

Finally, Madison moves to dismiss Sanderling's claim for attorneys' fees pursuant to K.S.A. § 16-1806, arguing that because Sandlering's other claims fail to meet the standards of 12(b)(6), the attorneys' fees claim cannot survive.  K.S.A. § 16-1806 provides, however, that "[i]n any action to enforce KSA 16-1803, 16-1804 or 16-1805 . . . the court . . . shall award costs and reasonable attorney fees to the prevailing party."[67]  Because Count IV of Madison's complaint was brought pursuant to K.S.A. § 16-1803(g), Sanderling's claim for attorneys' fees under § 16-1806 was properly brought, regardless of the success or failures of Sanderling's counterclaims.  For that reason, Madison's Motion to Dismiss Sanderling's claim for attorneys' fees is denied.

## IV.    Conclusion

Because Madison's lien was vitally defective and therefore never created, Madison's claim for enforcement of its mechanic's lien is hereby dismissed.

Because Sanderling did not challenge Madison's claim for breach of contract, quantum meruit, or attorneys' fees, these claims remain.

Because Sanderling's breach of express warranty claim stated only threadbare recitals of the cause of action, and because Sanderling's claim for fraudulent misrepresentation did not meet the heightened Rule 9 pleading standards, those counterclaims are hereby dismissed.

---

[66] *Rinehart v. Morton Bldgs., Inc.*, 297 Kan. 926, 305 P.3d 622, 625 (2013).

[67] K.S.A. § 16-1806.

Because Sanderling's breach of contract, breach of implied warranty, negligence, and negligent misrepresentation counterclaims were plausible and gave Madison fair notice of the claims, these counterclaims remain.  Further, because Sanderling's claim for attorneys' fees was valid under K.S.A. § 16-1806, this counterclaim also remains.

**IT IS THEREFORE ORDERED** that Western Plains's Motion to Dismiss (Doc. 5) is **GRANTED**. Western Plains is thereby dismissed from the case.

**IT IS FURTHER ORDERED** that Madison's Motion to Dismiss (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**. Sanderling's counterclaims for breach of express warranty and fraudulent misrepresentation are dismissed, and Sanderling's counterclaims for breach of contract, breach of implied warranty, negligence, negligent misrepresentation, and attorneys' fees against Madison remain.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-21-